This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40280**

**PATRICIA MORGAN and
KAELYNN MORGAN,**

Plaintiffs-Appellees,

v.

**FARMINGTON MOTORS, INC.
d/b/a ADVANTAGE DODGE;
BANK OF AMERICA, N.A.;
SANTANDER CONSUMER USA, INC.
d/b/a CHRYSLER CAPITAL; NUSENDA
CREDIT UNION; TD AUTO FINANCE,
LLC; and RLI INSURANCE COMPANY,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Erin B. O'Connell, District Judge**

Feferman, Warren & Mattison
Susan Warren
Albuquerque, NM

for Appellees

Chapman Law, P.C.
Donna L. Chapman
Darci A. Carroll
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendants appeal the denial of a motion to compel arbitration. This Court issued a notice of proposed disposition proposing to affirm the order on appeal. Defendants have filed a memorandum in opposition to that proposed disposition, which we have duly considered. Remaining unpersuaded that the district court committed error, we now affirm.

**{2}** Defendants' memorandum continues to assert that the analysis prescribed by our Supreme Court's opinion in *Peavy ex rel. Peavy v. Skilled Healthcare Group, Inc.*, 2020-NMSC-010, ¶¶ 20-21, 470 P.3d 218, has been preempted by the Federal Arbitration Act. [MIO 2-5] In doing so, Defendants continue to rely entirely upon federal precedents that predate the *Peavy* opinion. [Id.] Defendants' memorandum does not in any way address the basic appellate principle explained in our notice of proposed summary disposition that this Court "is governed by the decisions of the New Mexico Supreme Court—including decisions involving federal law, and even when a United States Supreme Court decision seems contra." [CN 2 (internal quotation marks and citation omitted)] Defendants' continued reliance upon federal authorities does not persuade us that the district court misapplied New Mexico law. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing a proposed summary disposition).

**{3}** Defendants also continue to assert that a showing of both procedural and substantive unconscionability should be required to invalidate a one-sided arbitration agreement, arguing that any other rule would be "specifically hostile to arbitration agreements." [MIO 5] Defendants' repetition of this argument does not address our suggestion that New Mexico law treats both arbitration agreements and other contracts the same in this regard. [CN 4] As a general principle applicable to all contracts in New Mexico, "there is no absolute requirement in our law that both [substantive and procedural unconscionability] must be present to the same degree or that they both be present at all." *Cordova v. World Fin. Corp. of N.M.*, 2009-NMSC-021, ¶ 24, 146 N.M. 256, 208 P.3d 901.

**{4}** Defendants also continue to assert that a provision creating a one-year statute of limitations cannot be one-sided because it applies to both parties. [MIO 5-6] That argument makes no attempt to address this Court's suggestion that, under well-established New Mexico law, "bilaterally applicable provisions in a contract may be substantively unconscionable where the effect of those terms is both unreasonable and unfair to one of the parties." [CN 5 (citing *Peavy*, 2020-NMSC-010, ¶ 7)] As our notice pointed out, the question of whether a bilateral provision is unfair to one of the parties depends upon facts surrounding the relevant transaction, such as what types of claims the respective parties are likely to bring. [CN 6] Defendants' memorandum continues to merely assert that the provision cannot be unconscionable because it is bilateral. Defendants' repetition of that argument does not meet their burden on appeal. *See Mondragon*, 1988-NMCA-027, ¶ 10. Defendants also continue to challenge the district court's alternative finding of unconscionability based upon a unilateral limitation prohibiting statutorily available damages. [MIO 6-7] Because we affirm the district

court's finding of unconscionability based upon the agreement's limitations period, however, we need not reach the agreement's damages limitations.

**{5}**     Finally, Defendants' memorandum continues to posit error in the district court's decision not to "draft an arbitration agreement the parties did not agree on," *Cordova*, 2009-NMSC-021, ¶ 40, by severing the unconscionable provisions. [MIO 7-8] That memorandum now asserts, apparently for the first time, that the parties' agreements contain severability clauses. [MIO 7] We are unpersuaded, however, that the district court erred when it determined that the unconscionable provisions in this case are "central to the mechanism for resolving disputes between the parties and are thus not severable." [CN 7; 2 RP 303] *See Fiser v. Dell Comput. Corp.*, 2008-NMSC-046, ¶ 24, 144 N.M. 464, 188 P.3d 1215. Because the unconscionability embodied in Defendants' arbitration agreement involves "the arbitration scheme itself, not just the procedures for appeal to the courts after the arbitration phase is over," *Cordova*, 2009-NMSC-021, ¶ 40, we continue to believe that severance "would perpetuate the unfairness for which we impose the equitable unconscionability defense," *Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 39, 306 P.3d 480. [CN 7-8]

**{6}**     Accordingly, for the reasons stated in our notice of proposed summary disposition, we affirm the order of the district court.

**{7}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**